UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| In re: | Case No. 06 B 70052 |
|---|---|
| GUY E. MIOTTO,  Debtor. | Chapter 13 |

### MEMORANDUM OPINION DENYING DEBTOR'S MOTION TO WAIVE CREDIT COUNSELING REQUIREMENT AND GRANTING THE CHAPTER 13 TRUSTEE'S MOTION TO DISMISS

This matter is before the Court on the motion to dismiss the Chapter 13 petition brought by the Chapter 13 Trustee for the debtor's failure to comply with 11 U.S.C. § 109(h)(1). In response, Guy E. Miotto, the debtor (the "Debtor"), filed a motion to waive the counseling requirement.

### JURISDICTION

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

### NATURE OF CASE

The Debtor filed his voluntary petition pursuant to Chapter 13 of the Bankruptcy Code on January 17, 2006. The Debtor checked the box on the petition which indicated he requested a waiver of the requirement to obtain budget and credit counseling prior to filing due to exigent circumstances. That sentence is followed by "(Must attach certification describing.)" The Debtor did not file a certification with the petition. Therefore, the Chapter 13 Trustee filed a motion to dismiss the case on January 26,

1

2006. The Debtor then filed a motion to waive counseling on February 1, 2002.

The Debtor has not received an individual or group briefing from an approved nonprofit budget and credit counseling agency as required by 11 U.S.C. § 109. The Debtor's motion alleges that the case was filed under the emergency circumstances of a pending sale. It further asserts that the Debtor entered into a contract to sell his property, to satisfy the mortgage and contribute to the Chapter 13 plan.

## DISCUSSION

The credit counseling requirement contained in § 109(h) provides as follows:

(1)  Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.
(2)(A) Paragraph (1) shall not apply with respect to a debtor who resides in a district for which the United States trustee (or the bankruptcy administrator, if any) determines that the approved nonprofit budget and credit counseling agencies for such district are not reasonably able to provide adequate services to the additional individuals who would otherwise seek credit counseling from such agencies by reason of the requirements of paragraph (1).
(B)  The United States trustee (or the bankruptcy administrator, if any) who makes a determination described in subparagraph (A) shall review such determination not later than 1 year after the date of such determination, and not less frequently than annually thereafter. Notwithstanding the preceding sentence, a nonprofit budget and credit counseling agency may be disapproved by the United States trustee (or the bankruptcy administrator, if any) at any time.
(3)(A)  Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that--
(i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
(ii) states that the debtor requested credit counseling services from an

approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
(iii) is satisfactory to the court.
(B) With respect to a debtor, an exemption under subparagraph (A) shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1), but in no case may the exemption apply to that debtor after the date that is 30 days after the debtor files a petition, except that the court, for cause, may order an additional 15 days.
(4) The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

11 U.S.C. § 109(h).

Several courts have had occasion to review issues arising under this provision of the new Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). Those courts acknowledge the statute requires credit counseling, subject to exceptions. Subparagraph 2 excepts debtors who live in a district for which the United States trustee determines that the approved agencies are not reasonably able to provide the credit counseling services. Subparagraph 4 exempts from the requirement to obtain counseling those debtors determined by the Court to be unable to complete the requirement due to incapacity, disability or active military duty in a military combat zone.

The request for waiver is outlined in subparagraph 3. A debtor is exempt from filing the certification of creditor counseling with the petition when three criteria are met: 1) the debtor submits a certification that describes exigent circumstances that merit a waiver of the requirements; 2) the certification states that the debtor requested credit

3

counseling from an approved agency but was unable to obtain the services during the five day period beginning on the date the request was made; and 3) the certification is satisfactory to the court. The waiver requirements under § 109(h)(3) are conjunctive, meaning that each element must be satisfied before the Court can permit the extension of time.

The courts that have addressed this provision agree as to the requirements, but differ as to the definition of each. The first element requires the debtor to submit a certification. Some courts have held that a certification must comply with 28 U.S.C. § 1746.[1] See, e.g., In re DiPinto, 336 B.R. 693, 696 (Bankr. E.D. Pa. 2006) and In re LaPorta, 332 B.R. 879, 882 (Bankr. D. Minn. 2005); In re Mingueta, No. RS 06-10012 PC, __ B.R. __, 2006 WL 337542, *2 (Bankr. C.D. Cal. Feb. 13, 2006). Other courts have held debtors to a lesser standard. See, e.g., In re Cleaver, 333 B.R. 430, 434 (Bankr. S.D. Ohio 2005) (finding that, at a minimum, a written statement that the signer affirms or attests to be true is required); accord In re Talib, 335 B.R. 417, 421 (Bankr.

---

[1] The statute provides:
Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
(1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
                    (Signature)".
(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
                    (Signature)".

4

W.D. Mo. 2005); see also In re Graham, 336 B.R. 292, 296 (Bankr. W.D. Ky. 2005); In re Davenport, 335 B.R. 218, 220 n.4 (Banrk. M.D. Fla. 2005) (holding that until the form of a certification is established by either rule or official forms, a verified motion, an affidavit or testimony at the hearing on the motion is sufficient).

First, Interim Rule 1007(c) requires the certification to be filed with the petition. The Debtor filed nothing until after the Trustee filed the motion to dismiss. In addition, the motion presently before the Court contains no supporting affidavit or any verification or certification on the part of the Debtor. Instead, the motion is signed by the Debtor's counsel only. Several courts which have addressed the sufficiency of these elements have pointed out that a certification must, at the very least, be signed by the debtor. See, e.g., Graham, 336 B.R. at 296. Two courts decided matters for which no certification or motion was filed contemporaneously with the petition. In Hubbard, the motion to extend the time to provide verification of credit counseling was filed the day after the petition. 332 B.R. at 289. In Mingueta, the debtor simply checked the box on the petition and took no further action. The Court entered an order to show cause regarding dismissal and required the debtor to appear. 2006 WL 337542, at *1. In both cases, the courts did not deny the motion for the failure to file the certification contemporaneously with the petition but, instead, went on to address the certification requirements. While the failure to file a certification with the petition for relief alone provides a sufficient basis upon which to deny the motion, this Court will address the remaining requirements of § 109(h)(3).

While the allegations of the motion are vague and minimal, they appear to set

forth a fairly common circumstance in Chapter 13 cases where a debtor is attempting to save his home from a foreclosure sale. Again, this is the precise factual situation that has confronted several of the courts that have had occasion to address this section of BAPCPA. The courts that have discussed this requirement are split.

On the one hand, some courts note that under most state statutory frameworks, foreclosures do not result in an overnight sale, but rather give debtors ample opportunity to assess their situation and act to protect their interests. In this context, courts have pointed out that the exigency is often self-created. *Dipinto*, 336 B.R. at 3; *Cleaver*, 333 B.R. at 435. One Court suggests that when analyzing whether exigent circumstances merit a waiver, "the focus should not be so much on the imminence of the event that threatens the debtor with loss of property and requires filing of a petition for relief in order to invoke the automatic stay, but on the reasons why the debtor was unable to obtain the required credit counseling prior to having to file for relief." *Talib*, 335 at 422.

On the other hand, other courts recognize that foreclosure or repossession often form the basis for seeking relief. One court noted, "Procrastination in arranging a bankruptcy filing is commonplace and may occur for a variety of reasons, some justifiable, some not, ranging from inability to muster the funds necessary to compensate bankruptcy counsel to unwillingness to come to terms with the debtor's financial difficulties." *Id.* at 422. Although the court in *Davenport* ultimately held that the debtor in that case failed to meet the certification requirement, the court stated that "the debtor did establish, to the court's satisfaction, that exigent circumstances were present

6

at the time she filed her petition. A creditor was actively seeking repossession of the family's only means of transportation." 335 B.R. at 220-21. Similarly, the Court in *Graham* noted that "it is likely that this Court will not have difficulty finding the existence of exigent circumstances as contemplated under § 109(a)(3)(A)(i) based on impending creditor action that will materially affect the debtor or dependants of the debtor." 336 B.R. at 297.

Here, because of the Debtor's failure to file a certification which would have provided the Court with a comprehensive explanation of the circumstances surrounding his filing, it is impossible for the Court to determine whether those circumstances merit a waiver. The Debtor failed to file a certification with the petition for relief, failed to sign the motion, failed to describe the circumstances that constituted the exigent circumstances and failed to attest that he attempted to obtain credit counseling services but was unable to do so within five days. Accordingly, the Debtor's motion for a counseling waiver under § 109(h)(3) is denied. Moreover, even if the Debtor had set forth adequate information, the motion would still require denial. The Debtor seeks to waive the counseling requirement, not to extend the time to obtain the requisite briefing. Section 109(h)(3)(B) provides that the exemption for exigent circumstances may in no case apply after 30 days after the petition is filed, except that the Court may extend the time an additional 15 days for cause and after a hearing. As the Court in *Davenport* noted, "a bankruptcy court cannot disregard any of the requirements, even in the name of 'equity.'" 335 B.R. at 221 (citing cases).

The foregoing constitutes findings of fact and conclusions of law as required by Fed. R.

Civ. P. 52(a) and Fed. R. Bankr. P. 7052. Separate orders have previously been entered giving effect to the determinations reached herein.

Signed: March 29, 2006

MANUEL BARBOSA
United States Bankruptcy Judge

## CERTIFICATE OF MAILING

The undersigned hereby certifies that the attached memorandum opinion was served via First Class Mail on March 29, 2006 to:

Atty. Richard C. Kelly
Kelly & Kelly
P.O Box 428
Hebron, IL 60034

Lydia Meyer, Chapter 13 Trustee
P.O. Box 14127
Rockford, IL 61105-4127

_Mirella Kuczynski_
Mirella Kuczynski
Judicial Assistant